

WWW.RIVKINRADLER.COM

**MICHAEL A. SIRIGNANO**
(516) 357-3073
michael.sirignano@rivkin.com

May 22, 2014

**By ECF**
Honorable Judge Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Liberty Mutual Ins. Co. et al. v. Ellina Matskina, L.Ac., et al.**
       **Docket No. CV 14-1330 (BMC)**

Dear Honorable Judge Cogan:

Plaintiff ("Liberty Mutual") respectfully submits this letter in response to the Court's ECF Order of May 19, 2014, directing Liberty Mutual to advise how it intends to proceed as to certain defendants.

As the Court is aware, nearly all defendants have been served, including all 20 PC Defendants.  All defendants served to date are in default.  Liberty Mutual is still attempting to serve the last remaining defendants – Kornilova, Zapolsky, and Kolomiytseva – but has been unable to do so. Liberty Mutual's process server has advised that they have found additional addresses for these individuals and expect to know in 2-3 weeks whether service is possible.

Notwithstanding the remaining service issues, Liberty Mutual respectfully requests that the Court proceed with the initial court conference scheduled for May 27, 2014, at 2:45 p.m. to discuss, among other things, issues regarding what amounts to a "shell game" by Defendants and the possibility of adding additional defendants to this action.

Liberty Mutual recently received a request from the firm of Gary Tsirelman, P.C. to vacate the defaults against Oksana Lendel and what the Tsirelman firm now indicates to be, "her companies": Okslen Acupuncture, PC, Healthy Way Acupuncture, PC, Lotus Acupuncture, PC, New Century Acupuncture, PC, TC Acupuncture, PC, and V.S. Care Acupuncture, PC.  We have obtained New York State records that do indicate that a number of these PC Defendants had previously merged into a company known as Wellness Care Acupuncture PC (allegedly owned by Oksana Lendel), as evidenced by Certificates of Merger filed by Gary Tsirelman, P.C -- but the Tsirelman firm continues to prosecute numerous pending collection suits in New York City Civil Court against Liberty Mutual in the names of the original PCs.  Moreover, new suits filed after the purported

Honorable Brian M. Cogan, U.S.D.J.
May 22, 2014
Page 2

"merger" continue to be in the name of the original PC, with no mention of any merger or transfer of ownership to Wellness Care Acupuncture PC/Oskana Lendel.  Oksana Lendel herself is not even currently registered as a licensed acupuncturist, according to the NYS Office of Professions website.

For example, we located a Certificate of Merger for V.S. Care Acupuncture PC and Wellness Care Acupuncture PC, filed on April 13, 2012 by Gary Tsirelman P.C., which indicates that the name of the surviving corporation is Wellness Care Acupuncture PC.  However, that same law firm filed a Summons and Complaint more than a year later (dated November 15, 2013) in the name of V.S. Care Acupuncture PC against Liberty Mutual, without any mention of any alleged merger or transfer of ownership.  (*See* Certificate of Merger and Summons and Complaint, submitted herewith.)

We also have discovered that a few other PC Defendants have allegedly "merged" into a company allegedly owned by defendant Andrey Anikeyev's wife, pursuant to Certificates of Merger filed by Gary Tsirelman, P.C. -- but again, the numerous collection suits filed by that law firm in civil court continue to be prosecuted in the name of the original PCs without any mention of the purported merger, change of ownership, or change of name.

This suspicious and ambiguous merger activity is further evidence that the PC Defendants are not legitimately owned by the "paper" owners, but are controlled by laypersons who use the façade of an ever-changing list of fungible professional corporations to fraudulently bill and collect for acupuncture services.  Given the apparent "shell game" perpetrated by Defendants, Liberty Mutual expects that an amended complaint may be necessary to add defendants and that additional motion practice may be needed in the event there is dissipation or transfer of assets to circumvent a likely judgment in Liberty's Mutual favor.  However, as the firm of Gary Tsirelman, P.C. has filed a Notice of Appearance on behalf of certain defendants in this case, and also is counsel of record in hundreds (if not thousands) of civil court collection suits filed by the PC Defendants, it may be that, with the Court's assistance, counsel can clarify the status of the defendants so that there is no further waste of party and judicial resources before further motion practice is undertaken or default judgments sought.

We stand ready to answer any questions the Court may have.

<div style="margin-left: 40%;">

Respectfully submitted,

RIVKIN RADLER LLP

*Michael A. Sirignano*

Michael A. Sirignano

</div>

MAS/lg
Enclosures

**ATTACHMENTS TO LETTER DATED MAY 22, 2014**

# *STATE OF NEW YORK*

# *DEPARTMENT OF STATE*

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.

WITNESS my hand and official seal of the Department of State, at the City of Albany, on April 18, 2014.



Anthony Giardina
Executive Deputy Secretary of State

Rev. 06/13

120413000 484

GW3

CERTIFICATE OF MERGER

WELLNESS CARE ACUPUNCTURE P.C.
(A New York Corporation)

AND

V.S. CARE ACUPUNCTURE, P.C.
(A New York Corporation)

INTO

WELLNESS CARE ACUPUNCTURE P.C.
(A New York Corporation)

Under Section 904 of the Business Corporation Law:

The undersigned hereby certify:

FIRST:     The name of each constituent corporation is as follows:

WELLNESS CARE ACUPUNCTURE P.C.

V.S. CARE ACUPUNCTURE, P.C.

SECOND:    The name of the surviving corporation is

WELLNESS CARE ACUPUNCTURE P.C.

THIRD:     (a) The designation, number, and voting rights of the outstanding shares of each class and series of WELLNESS CARE ACUPUNCTURE P.C.

| DESIGNATION | SHARES | VOTING RIGHTS |
|---|---|---|
| Common | 200 | Yes |

(b)  The designation, number, and voting rights of the outstanding shares of each class and series of V.S. CARE ACUPUNCTURE, P.C.

| DESIGNATION | SHARES | VOTING RIGHTS |
|---|---|---|
| Common | 200 | Yes |

120413000484

FOURTH:  There are no amendments or changes to be made to the certificate of incorporation of WELLNESS CARE ACUPUNCTURE P.C.

FIFTH:  There are no provisions for abandonment of the merger.

SIXTH:  The certificate of incorporation of WELLNESS CARE ACUPUNCTURE P.C. was filed by the Department of State on September 27, 2011.

SEVENTH: The certificate of incorporation of V.S. CARE ACUPUNCTURE, P.C. was filed on October 18, 2006.

EIGHTH:  Both constituent corporations authorized the merger by two-thirds of all issued and outstanding shares entitled to vote.


IN WITNESS WHEREOF, this certificate has been subscribed this 5th day of April 2012 by the undersigned who affirm that the statements made herein are true under the penalties of perjury.


WELLNESS CARE ACUPUNCTURE P.C.
(New York)

_____
President - Oksana Lendel


V.S. CARE ACUPUNCTURE, P.C.
(New York)

_____
President - Oksana Lendel

DRAWDOWN

120413000   484

RECEIVED
2012 APR 12  PH 3: 03

CERTIFICATE OF MERGER

WELLNESS CARE ACUPUNCTURE P.C.

AND

V.S. CARE ACUPUNCTURE, P.C.

INTO

WELLNESS CARE ACUPUNCTURE P.C.

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED

APR 13  2012

TAX $

BY:

Rich

Filed by:

Gary Tsirelman P.C.
65 Jay Street
3rd Floor
Brooklyn, New York 11201

518

A2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

V.S.Care Acupuncture PC
a/a/o  Marcia Ellis

**SUMMONS**

Plaintiff

-against-

Liberty Mutual Fire Ins, Co.

Defendant

PLAINTIFF'S BUSINESS ADDRESS IS:
153-25 Hillside Ave
Jamaica, NY 11432

**001885**

INDEX #:

FILE #: 352.879

**TO THE ABOVE NAMED DEFENDANT:**

   **YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of KINGS, at the Courthouse located at 141 Livingston Street, Brooklyn, NY 11201, within the time provided by law as noted below to file your answer with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $1827.1, with interest thereon as specified in the Verified Complaint, together with the costs of this action.

Dated:   11/15/2013

TO:
Liberty Mutual Fire Ins. Co.
500 Bi-Country Blvd., Suite 450
Farmingdale, NY 11735

Claim #:  LA20301134564703
5/28/07

Gary Tsirelman P.C.
*Attorneys for Plaintiff*
129 Livingston Street
Brooklyn, NY 11201
(718) 438-1200

| Gary TSIRELMAN | Daniel GRACE |
| Devin MELLIN | Douglas MACE |
| Edward SADOWSKY | Ilya MURATA |
| Irena GOLODKYER | Joseph PADRUCCO |
| Max VALERIO | Sarah A. ADAM |
| Selma CHIN | Stefan BELINIANU |
| Viktoriya LEVENKO | |

**NOTE:** The law provides that: (a) If this summons is personally served within the City of New York, you must appear and answer within TWENTY days after such service; **OR** (b) If this summons is served by any means other than personal delivery within the City of New York, you must appear and answer within THIRTY days after proof of service is filed with the Clerk of this Court.

Defense 912-821-300

RECEIVED
MAR 31 2014
MARTYN.TOHER.MARTYN & ROSSI

RECEIVED
MAR 24 2014
Office 260  NYSNF Claims

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

V.S.Care Acupuncture PC
a/a/o  Marcia Ellis

          Plaintiff

        -against-

Liberty Mutual Fire Ins. Co.

          Defendant

---

## VERIFIED COMPLAINT

INDEX #.:

FILE #: **352.879**

---

Plaintiff, by its attorneys, complaining of the Defendant, hereby alleges the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1.      Upon information and belief, Defendant is an insurance company authorized to do business in the State of New York.

2.      Upon information and belief, Defendant transacts business in the City of New York.

3      Plaintiff's assignor was injured in an automobile accident on or about 05/28/2009.

4.      At the time of the accident there was an existing automobile insurance policy containing benefits under the New York State No-Fault Law issued by Defendant.

5.      One of these No-Fault benefits was the payment of health service expenses.

6      Defendant issued said insurance policy under policy number AO2289189270.

7      At the material times, V.S.Care Acupuncture PC was a health service provider authorized to practice in the State of New York.

8.      V.S.Care Acupuncture PC is the assignee of Marcia Ellis.

9.      As a result of the aforesaid accident, Plaintiff's assignor was entitled to receive No-Fault benefits.

10.      Plaintiff rendered health services to its assignor in connection with personal injuries sustained in said accident.

11      Plaintiff submitted to Defendant statutory forms or comparable proof of claim, setting forth the fact and the amount of the loss, seeking payment in the amount of $2208.0.

12      Defendant made partial payments in the amount of $380.9.

13.      Of said bill(s), the amount of $1827.1 remains overdue.

14.      Defendant has assigned claim or file number LA20301134564703 to this matter.

15.      The services were performed on the following days and were billed the following amounts:

| Date Service Start | Date Service End | Billed Amount | Paid Amount |
|---|---|---|---|
| 07/06/2009 | 07/24/2009 | 475.00 | 0.00 |
| 08/05/2009 | 09/02/2009 | 338.00 | 0.00 |
| 10/14/2009 | 10/29/2009 | 190.00 | 0.00 |
| 06/04/2009 | 07/01/2009 | 1205.00 | 380.90 |

16.     Pursuant to 11 NYCRR 65-3.16(a)(12), Plaintiff is in full compliance with all applicable licensing requirements and, as such, it is eligible for reimbursement of the within health services under Articles 51 and 52 of the Insurance Law and implementing regulations.

17.     Plaintiff is entitled to interest at the rate of 2% per month until the amount due is paid in full, computed thirty days after the date the claim was submitted to defendant, pursuant to New York State Insurance Law § 5106 and regulations promulgated thereunder.

## AS AND FOR A SECOND CAUSE OF ACTION

18.     Plaintiff is entitled to attorneys' fees pursuant to Insurance Law Article 51 and 11 NYCRR § 65.

**WHEREFORE,** Plaintiff demands judgment against Defendant for:

**(a)** the overdue proof of claim on the First Cause of Action, with statutory interest; and

**(b)** statutory attorney's fees on the Second Cause of Action; and

**(c)** statutory costs and disbursements of this action.

Dated:     11/15/2013

Gary Tsirelman P.C.
*Attorneys for Plaintiff*
129 Livingston Street
Brooklyn, NY 11201
(718) 438-1200

| | |
|---|---|
| Gary TSIRELMAN | Daniel GRACI |
| Darya KLEIN | Douglas MACI |
| Edward SADOWSKY | Ilya MURATA |
| Irena GRAGOSKI YER | Joseph PADRIULCO |
| Max VALERIO | Sarah A. ADAM |
| Selina CHIN | Stefan BELINFANTI |
| Viktoriia FILIVENKO | |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| V.S.Care Acupuncture PC a/a/o  Marcia Ellis | ATTORNEY'S VERIFICATION |
| Plaintiff | INDEX #: |
| -against- | |
| Liberty Mutual Fire Ins. Co. | FILE #: 352.879 |
| Defendant | |

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, affirms as follows under penalty of perjury:

Affirmant is associated with the firm of Gary Tsirelman P.C., the attorney of record for the Plaintiff, V.S.Care Acupuncture PC. Affirmant has read the annexed Summons and Complaint and knows the contents thereof; and the same are true to the best of affirmant's knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, affirmant believes them to be true. The source of affirmant's knowledge and the grounds of belief, as to those matters therein not stated upon knowledge, are bills, reports, conversations with Plaintiff's employees, routine business practices, etc.

Dated:     11/15/2013

| | |
|---|---|
| __Gary TSIRELMAN | __Daniel GRACE |
| __Darya KUZIN | __Douglas MACE |
| __Edward SADOWSKY | __Ilya MURAFA |
| __Irena GOLODKEYER | __Joseph PADRUCCO |
| __Max VALERIO | __Sarah A. ADAM |
| __Selina CHIN | __Stefan BELINFANTI |
| __Viktorya LITVENKO | |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF **KINGS**                                                          Index #

V.S.Care Acupuncture PC
a/a/o
Marcia Ellis,

Plaintiff,

-against-

Liberty Mutual Fire Ins. Co.,

Defendant

**SUMMONS AND VERIFIED COMPLAINT**

**Gary Tsirelman P.C.**
*Attorneys for Plaintiff*
V.S Care Acupuncture PC
129 Livingston Street
Brooklyn, NY 11201
(718) 438-1200
Our File #  352.879

*Pursuant to 22 NYCRR 130-1 1, the undersigned, an attorney duly admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous*

Dated.    11/15/2013              *Signature*

*Print Signer's Name.*


TO:
Liberty Mutual Fire Ins. Co.
500 Bi-Country Blvd , Suite 450
Farmingdale. NY 11735